UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ARTHUR SHERMAN and SHERMAN & ASSOCIATES, INC., <br><br>              Plaintiffs, <br>   v. <br><br> HAYNES & BOONE, ET AL., <br><br>              Defendants. | Case No. 5:14-cv-01064-PSG <br><br> **ORDER DENYING MOTION TO REMAND** <br><br> **(Re: Docket No. 11)** |

Before the court is Plaintiff Arthur Sherman and Sherman & Associates, Inc.'s motion to remand based on (1) improper removal prior to service and (2) lack of diversity jurisdiction.[1] Defendant Clark Stone opposes the motion, arguing the case was properly removed to federal court based on the "pro-removal" stance of this court and because complete diversity exists. Sherman and Stone both appeared for a hearing on the motion.[2] After considering the arguments, Plaintiffs' motion is DENIED.

## I. BACKGROUND

Arthur Sherman is a citizen of Connecticut, and Sherman & Associates is a Delaware Corporation. On February 25, 2014, Plaintiffs filed a complaint in the Santa Clara Superior Court

---

[1] *See* Docket No. 11.

[2] *See* Docket No. 22.

1
Case No. 5:14-cv-01064-PSG
ORDER DENYING MOTION TO REMAND

for legal malpractice, breach of fiduciary duty, and elder abuse. Plaintiffs named as defendants Haynes & Boone, MacPherson Kwok Chen & Heid LLP, Clark Stone, and Does 1-200.[3]  No defendant has yet received proper service.  On March 3, 2014, Stone removed the case to this court.[4]

## II. LEGAL STANDARDS AND DISCUSSION

### A.   Removal Prior to Service Was Proper

Section 1441, the removal statute, prohibits removal if any defendant "properly joined and served" is a citizen of the state in which the suit is filed.[5]  Plaintiffs contend that as a citizen of California, Stone inappropriately removed this case to federal court prior to service.[6]  Plaintiffs thus read into the statute a requirement that a defendant first be served before attempting to remove to federal court.  While case law outside of this district is unsettled,[7] the Northern District of California has consistently held a defendant may remove an action prior to receiving proper service, even when the defendant resides in the state in which the plaintiff filed the state claim.[8]

---

[3] *See* Docket No. 1 ("Each of the defendants is a person or entity either subject to the laws of vicarious liability, e.g. agent, employee, partner, associate, joint venture, co-participant, principal and/or in a contractual relationship with the other defendants, and was at all times acting within the authority and scope of such relationship and with the full knowledge, consent, authority, ratification, and/or permission of each of the remaining defendants so that each defendant is liable for the actions of each other defendant. . . . Defendant Stone, along with Does 1 through 200, has personal liability for the acts or omissions of The Firm, either as a result of their own personal acts or omissions, or by virtue of their positions within the Firm as partners to The Firm.").

[4] *See id.*

[5] 28 U.S.C. § 1441(b)(2) (prohibiting removal "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

[6] *See* Docket No. 11.

[7] *See e.g. Gentile v. Biogen Idec., Inc.*, 934 F. Supp 2d 313, 315-316 (D. Mass. 2013) ("The question has deeply divided district courts across the country . . . . District courts are in disarray on the question presented by this case.").

[8] *See Regal Stone Ltd. v. Longs Drug Stores Cal., L.L.C.*, 881 F. Supp. 2d 1123, 1124-29 (N.D. Cal. 2012); *Carreon v. Alza Corp.,* Case No. 5:09-cv-5623-RS, 2010 WL 539392, at *1, (N.D. Cal. 2010) ("Courts in this district have routinely applied the statute as it is written."); *City of Ann Arbor Employee's Retirement Sys. v. Gecht,* Case No. 3:06-cv-7453-EMC, 2007 WL 760568 (N.D. Cal. 2007); *Waldon v. Novartis Pharms. Corp.,* Case No. 3:07-cv-01988-MJJ, 2007 WL 1747128

Like its predecessors in this district in analogous circumstances, the undersigned concludes that Stone did not contravene congressional intent by "rush[ing] to remove the action before plaintiff had any opportunity to serve them, thereby engaging in 'gamesmanship.'"[9] The timing of the removal was proper.

## B.   Stone Offers Sufficient Evidence to Show Diversity Jurisdiction Exists

Plaintiffs next argue Stone has not satisfied his burden of proving that diversity jurisdiction existed both at the time the action commenced in state court and at the time of removal.[10] However, Stone specified the citizenships of Sherman, Sherman & Associates, Inc., himself, MacPherson Kwok Chen & Heid, LLP, and Haynes & Boone, LLP in his Notice of Removal of Action Under 28 U.S.C. 1441(b) (Diversity).[11]  In his opposition to the motion at issue, Stone further clarified the citizenships of Defendants by submitting declarations of citizenship by Stacey L. Brainin for Haynes & Boone and Stone for MacPherson Kwok Chen & Heid, LLP and himself.[12]  The declarations are not specific as to each member of the defendant law firms, but they

---

(N.D. Cal. 2007); *Perez v. McNamee,* Case No. 3:06-cv-5031-CW, 2006 WL 3462791 (N.D. Cal. 2006); *Republic Western Insurance Co. v. International Insurance Co.,* 765 F.Supp. 628 (N.D. Cal. 1991); *Carper v. Adknowledge, Inc., et al.*, Case No. 3:13-cv-03921-JST, 2013 WL 5954898 at *2 (N.D.Cal. 2013) ("a defendant must be served before its status as a local defendant can block removal.").

[9] *See Carreon,* 2010 WL 539392, at *2.

[10] *See Quinones v. Target Stores*, Case No. 05-03570-JW, 2005 WL 5795280 (N.D. Cal. 2005) (granting Plaintiff's motion to remand); *Mendoza v. OM Financial Life Ins. Co*., 5:09-cv-01211-JW, 2009 WL 1813964 at *2 (N.D. Cal. 2009) (denying plaintiff's motion to remand); *Strotek Corp. v. Air Transp. Ass'n of America,* 300 F.3d 1129, 1131 (9th Cir. 2002) (affirming denial of the motion to remand).

[11] *See* Docket No. 1-3.

[12] *See* Docket No. 14 and attachments 2, 3 and 4.

3
Case No. 5:14-cv-01064-PSG
ORDER DENYING MOTION TO REMAND

are sufficient because at this stage, Defendants need only allege sufficient facts to satisfy the jurisdiction requirement.[13]

In the Ninth Circuit "'[a] district court is vested with broad discretion to permit or deny [jurisdictional] discovery.'[14] Such discovery 'should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary.'"[15] And so to the extent that Plaintiffs here raise legitimate concerns regarding Stone's showing of diversity jurisdiction, the court will permit Plaintiffs to take discovery on the issue of diversity jurisdiction without delay. This discovery may proceed immediately, as opposed to general discovery, which may only be taken after the parties complete their Rule 26(b) conference.

### III. CONCLUSION

Stone's removal prior to service was proper. While Stone's allegations regarding diversity jurisdiction are sufficient at this stage, Plaintiffs are hereby authorized to engage in immediate discovery as to the issue of diversity jurisdiction. The court will refrain from setting specific limits on the types or numbers of jurisdictional discovery procedures authorized by this order; the parties are nevertheless cautioned that such discovery is to be narrowly focused and as limited as possible. The parties shall appear at a further case management conference on September 30, 2014 at 10:00 am.

---

[13] *Cf. Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (noting that elements of jurisdiction must "be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of litigation").

[14] *Lamb v. U.S. Dep't of the Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003).

[15] *Id.* (quoting *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986); *Siano Mobile Silicon, Inc. v. Mavcom, Inc.*, Case No. 5:10-cv-10-04783-LHK-PSG, Docket. No. 78 at *3-4 (N.D. Cal. 2011) (order granting Plaintiff renewed motion for leave to conduct discovery regarding personal jurisdiction).

**IT IS SO ORDERED.**

Dated: August 22, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge